UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanne Knapper, *on behalf of herself and others similarly situated*, | ) <br> ) Case No. 2:17-cv-00913-SPL <br> ) |
| Plaintiff, | ) **DECLARATION OF MICHAEL L.** <br> ) **GREENWALD IN SUPPORT OF** |
| v. | ) **PLAINTIFF'S MOTION FOR** <br> ) **PRELIMINARY APPROVAL OF** |
| Cox Communications, Inc., | ) **CLASS ACTION SETTLEMENT** <br> ) |
| Defendant. | ) <br> ) |

I, Michael L. Greenwald, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    My name is Michael L. Greenwald.

2.    I am over twenty-one years of age.

3.    I am fully competent to make the statements contained in this declaration.

4.    I am a partner at the law firm of Greenwald Davidson Radbil PLLC ("GDR").

5.    I am counsel for Plaintiff Joanne Knapper and the Settlement Class in this action.

6.    GDR, which focuses on consumer protection class action litigation, maintains offices in Boca Raton, Florida and Austin, Texas.

7.    I am admitted to practice before this Court *pro hac vice*.

8.    I submit this declaration in support of Ms. Knapper's unopposed motion for preliminary approval of class action settlement.

**GDR**

9.    GDR has extensive experience litigating consumer protection and securities class actions, including class actions brought under the Telephone Consumer Protection Act ("TCPA").

1

10.     GDR has been appointed class counsel in a number of class actions under the TCPA, including:

- *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-01971-T-27AAS (M.D. Fla.);

- *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV-Goodman (S.D. Fla.);

- *Martinez, et al., v. Medicredit, Inc.*, No. 4:16-cv-01138 ERW (E.D. Mo.);

- *Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393 (S.D. Fla.);

- *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.);

- *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231-SCJ (N.D. Ga.);

- *Johnson v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind.);

- *Toure and Heard v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:17-cv-00071-LJM-TAB (S.D. Ind.);

- *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS (M.D. Fla.);

- *Schwyhart v. AmSher Collection Servs., Inc.*, No. 2:15-cv-1175-JEO (N.D. Ala.);

- *Cross v. Wells Fargo Bank, N.A.*, No. 2:15-cv-01270-RWS (N.D. Ga.);

- *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156 (N.D. Ga.);

- *Prater v. Medicredit, Inc.*, No. 14-00159 (E.D. Mo.);

- *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-cv-00130-PJK-GBW (D.N.M.); and

- *Ritchie v. Van Ru Credit Corp.*, No. 2:12-CV-01714-PHX–SM (D. Ariz.) (McNamee, J.).

11.     GDR also has been appointed class counsel in more than two dozen class actions brought under consumer protection statutes other than the TCPA in the past four years alone, including:

- *Dickens v. GC Servs. Ltd. P'Ship*, No. 8:16-cv-00803-JSM-TGW (M.D. Fla.);

- *Kagno v. Bush Ross, P.A.*, No. 8:17-cv-1468-T-26AEP (M.D. Fla.);

- *Johnston v. Kass Shuler, P.A.*, No. 8:16-cv-03390-SDM-AEP (M.D. Fla.);

- *Jallo v. Resurgent Capital Servs., L.P.*, No. 4:14-cv-00449 (E.D. Tex.);

- *Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-00819-DJH-CHL (W.D. Ky.);

- *Rhodes v. Nat'l Collection Sys., Inc.*, No. 15-cv-02049-REB-KMT (D. Colo.);

- *McCurdy v. Prof'l Credit Servs.*, No. 6:15-cv-01498-AA (D. Or.);

- *Schuchardt v. Law Office of Rory W. Clark*, No. 3:15-cv-01329-JSC (N.D. Cal.);

- *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-CV-152V (W.D.N.Y.); and

- *Roundtree v. Bush Ross, P.A.*, No. 8:14-cv-00357-JDW-AEP (M.D. Fla.).

12.     Multiple district courts have commented on GDR's useful knowledge and experience in connection with class action litigation.

13.     For instance, in *Ritchie*, also a TCPA class action, Judge McNamee of this Court stated upon granting final approval to the settlement:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

No. CIV-12-1714 (D. Ariz. July 21, 2014).

14.     In *Schwyhart v. AmSher Collection Services, Inc.*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval to a TCPA settlement for which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

15.     Recently, Judge Carlton W. Reeves of the Southern District of Mississippi described GDR as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—"is

3

> to be commended for his work" for the class, "was professional at all times" ..., and used his "excellent negotiation skills" to achieve a settlement fund greater than that required by the law.
>
> The undersigned concurs ... Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

*McWilliams v. Advanced Recovery Sys., Inc.*, No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

16.     As well, Judge Steven D. Merryday of the Middle District of Florida wrote in appointing GDR class counsel in *James* that "Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016).

17.     Finally, in appointing GDR as class counsel in this matter, this Court wrote: "Plaintiff's counsel's declaration provides the Court with satisfaction that it is competent to vigorously prosecute this case." *Knapper v. Cox Communications, Inc.*, 329 F.R.D. 238, 243 (D. Ariz. 2018) (Logan, J.).

18.     More information about GDR is available on the firm's website, www.gdrlawfirm.com.

### Michael L. Greenwald

19.     I graduated from the University of Virginia in 2001 and Duke University School of Law in 2004.

20.     Prior to forming GDR, I spent six years as a litigator at Robbins Geller Rudman & Dowd LLP—one of the nation's largest plaintiff's class action firms. My practice at Robbins Geller focused on complex class actions, including securities and consumer protection litigation.

21.     While at Robbins Geller, I served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.* (D. Mass.); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.); *City*

4

*of Ann Arbor Employees' Retirement Sys. v. Sonoco Products Co., et al.* (D.S.C.); *Norfolk County Retirement Sys., et. al. v. Ustian* (N.D. Ill.); *Romero v. U.S. Unwired, Inc.* (E.D. La.); *Lefkoe v. Jos. A. Bank Clothiers, Inc.* (D. Md.); and *In re Odimo, Inc. Sec. Litig.* (Fla.).

22.    I started my career as an attorney in the Fort Lauderdale, Florida office of Holland & Knight LLP.

### Aaron D. Radbil

23.    Partner Aaron D. Radbil has provided significant assistance to this case.

24.    Mr. Radbil is admitted to practice before this Court *pro hac vice*.

25.    Mr. Radbil graduated from the University of Arizona in 2002 and the University of Miami School of Law in 2006.

26.    Mr. Radbil has extensive experience litigating consumer protection class actions, both at the trial and appeals court level, including class actions under the TCPA. *See* http://www.gdrlawfirm.com/Aaron-Radbil (last visited June 18, 2019).

27.    Complementing his experience litigating consumer protection class actions, Mr. Radbil has briefed, argued, and prevailed on a variety of issues of significant consumer interest before federal and state courts of appeals. *See, e.g., Dickens v. GC Servs. Ltd. P'ship.*, 706 F. App'x 529 (11th Cir. Aug. 23, 2017); *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068 (9th Cir. 2016); *Lea v. Buy Direct, L.L.C.*, 755 F.3d 250 (5th Cir. 2014); *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605 (5th Cir. 2014); *Stout v. FreeScore, LLC*, 743 F.3d 680 (9th Cir. 2014); *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369 (11th Cir. 2012); *Guajardo v. GC Servs., LP*, No. 11-20269, 2012 WL 5419505 (5th Cir. Nov. 7, 2012); *Sorensen v. Credit Int'l Corp.*, 475 F. App'x 244 (9th Cir. 2012); *Ponce v. BCA Fin. Serv., Inc.*, 467 F. App'x 806 (11th Cir. 2012); *Mady v. DaimlerChrysler Corp.*, 59 So. 3d 1129 (Fla. 2011); *Talley v. U.S. Dep't of Agric.*, 595 F.3d 754 (7th Cir. 2010), *reh'g en banc granted, opinion vacated* (June 10, 2010), *on rehearing en banc* (September 24, 2010), *decision affirmed*, No. 09-2123, 2010 WL 5887796 (7th Cir. Oct. 1, 2010); *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833 (11th Cir. 2010).

**James L. Davidson**

28.    Partner James L. Davidson contributed to the successful prosecution of this case.

29.    Mr. Davidson graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

30.    Mr. Davidson is admitted to practice before this Court *pro hac vice*.

31.    Mr. Davidson has been appointed class counsel in a host of consumer protection class actions. *See* http://www.gdrlawfirm.com/James-Davidson (last visited June 18, 2019).

**Jesse S. Johnson**

32.    Partner Jesse S. Johnson has also contributed to the successful prosecution of this case.

33.    Mr. Johnson earned his Bachelor of Science degree in Business Administration from the University of Florida, where he graduated *magna cum laude* in 2005.

34.    Mr. Johnson earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business Administration from the University of Florida Hough Graduate School of Business the same year.

35.    Mr. Johnson has been appointed class counsel in more than a dozen consumer protection class actions in the past three years. *See* http://www.gdrlawfirm.com/Jesse-Johnson (last visited June 18, 2019).

**Alexander D. Kruzyk**

36.    Alexander D. Kruzyk contributed to the successful prosecution of this case.

37.    Mr. Kruzyk earned his Bachelor of Management and Organizational Studies from the University of Western Ontario in 2011 and earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2014.

38.     Prior to joining GDR in 2017, Mr. Kruzyk was an associate with Robbins Geller, where he assisted with several complex class actions. *See* http://www.gdrlawfirm.com/Alexander-Kruzyk (last visited June 18, 2019).

### Procedural History

39.     This case has been pending for more than two years.

40.     Ms. Knapper filed her class action complaint on March 28, 2017, asserting claims under the TCPA. Doc. 1.

41.     On May 19, 2017, Cox Communications, Inc. ("Cox") filed its answer and affirmative defenses, through which it largely denied Mr. Knapper's allegations and asserted 18 affirmative defenses, including prior express consent, lack of standing, and the purported unconstitutionality of statutory damages under the TCPA. Doc. 13.

42.     At the same time, Cox moved to stay this case pending the decision of the United States Court of Appeals for the District of Columbia in *ACA Int'l, et al. v. FCC*, No. 15-1211 (D.C. Cir.). Doc. 8.

43.     Cox also sought to strike Ms. Knapper's request for treble damages. *Id*.

44.     On June 2, 2017, Ms. Knapper filed her opposition to Cox's motion to stay and strike. Doc. 18.

45.     On June 28, 2017, Ms. Knapper served her initial requests for production of documents and first set of interrogatories.

46.     On July 10, 2017, this Court denied Cox's motion to stay and motion to strike. Doc. 22.

47.     On July 31, 2017, this Court entered its Rule 16 case management order. Doc. 26.

48.     Ms. Knapper served her initial disclosures on August 16, 2017.

49.     Cox served its initial disclosures on August 18, 2017.

50.     Also on August 18, 2017, Cox served Ms. Knapper with its initial requests for production of documents, interrogatories, and requests for admission, to which Ms. Knapper timely responded.

51.     On August 28, 2017, Cox served its written responses and objections to Ms. Knapper's initial written discovery requests.

52.     As a result of several meet-and-confer conferences, on December 1, 2017, Cox served its supplemental responses to Ms. Knapper's written discovery requests.

53.     On January 11, 2018, Ms. Knapper took the deposition of Cox's corporate representative in Atlanta, Georgia pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

54.     In February 2018, Ms. Knapper issued a subpoena to Verizon Wireless, her wireless service provider, to obtain records related to her wireless plan and calls she received from Cox.

55.     On February 20, 2018, Cox served its second set of written discovery requests.

56.     On March 13, 2018, Ms. Knapper served her responses to Cox's second set of written discovery requests.

57.     On March 15, 2018, Ms. Knapper took the deposition of Orrin Gray, a Cox employee, in Atlanta, Georgia.

58.     On March 30, 2018, Cox took Ms. Knapper's deposition in Phoenix.

59.     On April 30, 2018, Ms. Knapper's expert—Cameron Azari, Esq.—executed his expert declaration.

60.     On May 21, 2018, Cox's expert—Ken Sponsler—executed his expert declaration.

61.     On June 11, 2018, Mr. Azari executed his supplemental expert declaration.

62.     Also on June 11, 2018, Cox moved to stay this matter under the primary jurisdiction doctrine pending resolution of petitions pending before the FCC. Doc. 40.

63.     On June 28, 2018, Ms. Knapper took the deposition of Cox's expert witness.

64.     Also on June 28, 2018, Ms. Knapper filed her motion for class certification and appointment of class counsel. Doc. 43.

65.   At the same time, Ms. Knapper moved for summary judgment on her individual claims. Docs. 44-45. Ms. Knapper withdrew her summary judgment motion, without prejudice, on July 31, 2018. Doc. 53.

66.   On July 2, 2018, Ms. Knapper opposed Cox's motion to stay. Doc. 47.

67.   On July 10, 2018, Cox took the deposition of Mr. Azari in Denver, Colorado.

68.   On August 14, 2018, Cox filed its response to Ms. Knapper's motion for class certification and appointment of class counsel, through which it opposed Ms. Knapper's request to certify the class. Doc. 58.

69.   Ms. Knapper filed her reply in support of her motion for class certification on August 30, 2018. Doc. 61.

70.   The Parties filed notices of supplemental authority regarding Cox's motion to stay. Docs. 48, 52, 62, 65, 68, 80.

71.   The Parties filed notices of supplemental authority regarding Ms. Knapper's motion for class certification and appointment of class counsel. Docs. 66, 67, 69, 72, 78, 79, 82, 86, 87.

72.   On January 17, 2019, this Court denied Cox's motion to stay. Doc. 88.

73.   On February 6, 2019, this Court granted Ms. Knapper's motion for class certification and appointment of class counsel. Doc. 89.

74.   On February 20, 2019, Cox filed a petition for interlocutory review of this Court's class certification order in the Ninth Circuit Court of Appeals, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure.

75.   On February 21, 2019, Cox moved to dismiss non-Arizona class members' claims for lack of personal jurisdiction. Doc. 93.

76.   At the same time, Cox moved to compel to arbitration the claims of class members who are or were Cox customers. Doc. 94.

77.   On February 27, 2019, the Professional Association for Customer Engagement ("PACE") submitted a motion for leave in the Ninth Circuit Court of Appeals to file a brief as *Amicus Curiae* in support of Cox's Rule 23(f) petition.

78.    On March 4, 2019, Ms. Knapper filed in the Ninth Circuit her answer in opposition to Cox's Rule 23(f) petition.

79.    On March 11, 2019, Ms. Knapper filed her answer in opposition to PACE's motion for leave to file an *Amicus Curiae* brief in support of Cox's Rule 23(f) petition.

80.    Cox's Rule 23(f) petition remained pending at the time the parties reached an agreement to resolve this matter.

81.    On March 11, 2019, Cox moved for summary judgment on all claims against it. Docs. 97-98.

82.    Also on March 11, 2019, Ms. Knapper moved for summary judgment on her individual claims against Cox. Docs. 99-100.

83.    The parties' motions for summary judgment remained pending at the time the parties reached an agreement to resolve this matter.

84.    On March 19, 2019, the parties and their counsel attended an in-person settlement meeting in Phoenix. *See* Doc. 102.

85.    On March 21, 2019, Ms. Knapper filed her opposition to Cox's motion to compel arbitration. Doc. 101.

86.    Cox's motion to compel arbitration remained pending at the time the parties reached an agreement to resolve this matter.

87.    On March 27, 2019, the parties exchanged detailed mediation briefs.

88.    On April 1, 2019, Ms. Knapper filed her response in opposition to Cox's motion to dismiss non-Arizona class members for lack of personal jurisdiction. Doc. 103.

89.    Cox's motion to dismiss non-Arizona class members for lack of personal jurisdiction remained pending at the time the parties reached an agreement to resolve this matter.

90.    On April 10, 2019, the parties exchanged reply mediation briefs.

91.     The parties and their counsel attended mediation in New York before the Hon. Layn Phillips (Ret.)[1] on April 24, 2019.

92.     The parties, through their counsel, continued negotiations after the mediation and, on May 7, 2019, the parties executed a settlement term sheet.

93.     The parties filed their notice of settlement on May 7, 2019. Doc. 108.

### The Settlement

94.     The settlement requires Cox to create a non-reversionary common fund of $10.75 million.

95.     The Settlement Class is defined as:

> (1) All users of or subscribers to cellular telephones throughout the United States, (2) to whom Cox Communications, Inc. made or initiated at least one call to a cellular telephone, (3) via an automatic telephone dialing system or with an artificial or prerecorded voice, (4) from March 28, 2013 through March 21, 2019, (5) whose cellular telephone number was at any time associated with a Neustar score of 01 in Cox Communications, Inc.'s available records.

96.     The Settlement Class excludes individuals who were ever Cox customers prior to March 22, 2019.

97.     Participating Settlement Class Members will receive an equal share of the fund after deducting attorneys' fees, costs, and expenses as awarded by the Court, and an incentive award to Ms. Knapper, not to exceed $20,000 and subject to Court approval.

98.     In the unlikely event that *pro rata* payments would exceed $2,500, participating Settlement Class Members would be entitled to recover in excess of $2,500 if they provide documentary evidence in the form of, for example, telephone records from their wireless carrier, screen shots from their cellular telephones, or other documentary evidence demonstrating that they received more than five calls from Cox. In such circumstances, participating Settlement Class Members who provide documentary evidence demonstrating that they received more than five calls from Cox would receive

---

[1]     http://www.phillipsadr.com/bios/layn-phillips/ (last visited June 18, 2019).

additional compensation in the form of a *pro rata* portion of the remaining funds after all participating Settlement Class Members receive $2,500 each.

99.    The parties believe there to be approximately 140,000 potential Settlement Class Members.

100.    As noted above, the parties reached this settlement after written discovery, depositions, expert discovery, and extensive motion practice.

101.    Illustrating the extent of motion practice in this case is that three of this Court's opinions are available on Westlaw:

- *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019);
- *Knapper v. Cox Commc'ns, Inc.*, 2019 WL 250430 (D. Ariz. Jan. 19, 2019); and
- *Knapper v. Cox Commc'ns, Inc.*, 2017 WL 2983912 (D. Ariz. Jan. 10, 2017).

102.    Moreover, the parties reached this settlement only after attending mediation with Judge Phillips.

103.    Given the meaningful recovery for the class that is well in line with other TCPA class action settlements, particularly in light of the risks associated with continued litigation, I firmly believe the settlement to be fair, reasonable, and adequate, and that this Court should preliminarily approve it and order the issuance of class notice.

104.    Attached is a true and correct copy of the settlement agreement and its exhibits:

Exhibit 1: Claim Form

Exhibit 2: [Proposed] Final Approval Order and Judgment

Exhibit 3: Postcard Notice

Exhibit 4: [Proposed] Order of Preliminary Approval

Exhibit 5: Website Notice

1

2   I declare under penalty of perjury that the foregoing is true and correct.

3

4   Executed on June 18, 2019.            By: *s/ Michael L. Greenwald*
                                               Michael L. Greenwald
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanne Knapper, *on behalf of herself and others similarly situated*, | ) <br> ) Case No. 2:17-cv-00913-SPL <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| Cox Communications, Inc., | ) <br> ) |
| Defendant. | ) <br> ) |
| _____ | ) |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement") is entered into by and between Joanne Knapper ("Class Plaintiff"), on behalf of herself and the Settlement Class (as defined below), on the one hand, and Cox Communications, Inc. ("Defendant"), on the other hand. Class Plaintiff and Defendant are sometimes collectively referred to in this Agreement as the "Parties."

Class Plaintiff and Defendant hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Class Plaintiff and the Settlement Class Members (as defined below) in the action entitled *Knapper v. Cox Communications, Inc.*, pending in the United States District Court for the District of Arizona, No. 2:17-cv-00913-SPL ("Action"), will be forever and fully settled, compromised and released upon the terms and conditions contained in this Agreement.

## 1.   RECITALS

**1.1**   Cox Communications, Inc. is a Delaware corporation  with its principal place of business in Atlanta, Georgia.

**1.2**   On March 28, 2017, Class Plaintiff filed the Action in the United States District Court for the District of Arizona, alleging that Defendant violated the Telephone

Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by making autodialed and artificial or prerecorded calls to cellular telephones without the prior express consent of Class Plaintiff or putative class members.

    **1.3**    The parties engaged in, *inter alia*, (1) motion practice regarding Defendant's motion to stay and motion to strike, (2) motion practice regarding Class Plaintiff's motion for class certification, and Defendant's petition for permission to appeal the Court's class certification order pursuant to Rule 23(f) of the Federal Rules of Civil Procedure, (3) significant written discovery, (4) depositions of Class Plaintiff, Defendant, and Defendant's employees, (5) third-party discovery, (6) expert reports and discovery, including expert depositions, (7) motion practice regarding Defendant's motion to dismiss non-Arizona class members for lack of personal jurisdiction, (8) motion practice regarding Defendant's motion to compel arbitration, and (9) motion practice regarding the Parties' respective motions for summary judgment.

    **1.4**    Defendant denies all claims asserted in the Action and denies all allegations of wrongdoing and liability. Defendant desires to settle the Action on the terms set forth in this Agreement solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing related proceedings.

    **1.5**    The Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims at issue through summary judgment and trial, possible appeals and ancillary actions. The Parties also have taken into account the uncertainty and risks involved in any litigation, as well as the difficulties and delays inherent in such litigation.

    **1.6**    This Agreement resulted from and is the product of extensive, good faith and arm's length settlement negotiations. Specifically, the Parties attended an in-person settlement meeting on March 19, 2019 and then attended mediation with the Honorable Layn Phillips (Ret.) on April 24, 2019. The Parties reached an agreement to settle this matter during follow-up negotiations in the weeks after attending mediation.

1.7     Subject to approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions in this Agreement, the Parties desire a full, complete and final settlement and resolution of all existing disputes and claims as set forth in this Agreement, and to fully, finally and forever resolve, discharge and release the claims (as set forth below) of Class Plaintiff and the Settlement Class Members, in exchange for Defendant's agreement to pay $10,750,000.00, in full and final settlement of this Action, inclusive of all notice and administration costs and expenses, attorneys' fees, costs, and expenses, and an incentive award, subject to the Court's approval.

1.8     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.

The Parties therefore agree that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the Action will be settled and compromised upon the terms and conditions contained herein.

2.     **DEFINITIONS**

These definitions apply only to this Agreement and the attached exhibits:

2.1     **"Action"** means *Knapper v. Cox Communications, Inc.*, pending in the United States District Court for the District of Arizona, No. 2:17-cv-00913-SPL.

2.2     **"Agreement"** means this Class Action Settlement Agreement and Release.

2.3     **"Approved Claims"** means claims that have been timely submitted by Settlement Class Members to the administrator and approved for payment.

2.4     **"CAFA Notice"** refers to the notice requirement imposed by 28 U.S.C. § 1715(b).

**2.5**     **"Claim Form"** or **"Claim"** means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Payment pursuant to Sections **10** and **11** of this Agreement, subject to approval by the Court, substantially in the form attached as <u>Exhibit 1</u>.

**2.6**     **"Claim Period"** means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Payment as part of the Settlement.  As set forth in Section **8.1(H)**, the last day of the Claim Period will be sixty (60) days following the Notice Deadline (as defined below).

**2.7**     **"Claims Administrator"** means Epiq Systems, Inc., subject to approval by the Court.  The Claims Administrator will be responsible for providing the Class Notice as well as services related to administration of the Settlement.

**2.8**     **"Class Counsel"** means Greenwald Davidson Radbil PLLC.

**2.9**     **"Class Notice"** means any type of notice that may be utilized to notify persons in the Settlement Class of the Settlement, including: Mail Notice with an attached claim form, Website Notice, publication notice in USA Today, and any different or additional notice that might be ordered by the Court. A description of the contemplated Class Notice is provided in Section **10.2** of this Agreement.

**2.10**    **"Class Period"** means the period from March 28, 2013 through and including March 21, 2019.

**2.11**    **"Class Plaintiff"** means Joanne Knapper.

**2.12**    **"Court"** means the United States District Court for the District of Arizona.

**2.13**    **"*Cy Pres* Distribution"** means money that may be distributed in connection with the Settlement pursuant to Section **12.3** of this Agreement. *Cy Pres* will only be distributed for uncashed or undeposited checks and only then if a second distribution to eligible Settlement Class Members is not practicable pursuant to Section **12.3** of this Agreement.

**2.14**    **"Defendant"** means Cox Communications, Inc.

4

2.15   **"Defendant's Counsel"** means Squire Patton Boggs (US) LLP.

2.16   **"Effective Date"** means the third day after the Judgment in this matter is deemed final pursuant to Section 15.1 below.

2.17   **"Escrow Account"** means an account established by the Claims Administrator at a financial institution into which monies are to be deposited as set forth by this Agreement.

2.18   **"Final Fairness Hearing"** means the hearing during which the Court considers the Parties' requests to enter a final order and judgment granting approval of the Settlement and to determine the amount of attorneys' fees, costs and expenses awarded to Class Counsel and the amount of the incentive award to Class Plaintiff.

2.19   **"Final Approval Order"** means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached as Exhibit 2. "Final Approval" occurs on the date that the Court enters the Final Approval Order.

2.20   **"Funding Date"** means the date, which is no later than 20 business days after the Effective Date, on which Defendant must cause payment to be made into the Escrow Account pursuant to Section **9.1** of this Agreement.

2.21   **"Judge"** means any judge of the United States District Court for the District of Arizona, including the Honorable Steven P. Logan.

2.22   **"Mail Notice"** means the postcard notice that will be provided pursuant to Section **10.2(A)** of this Agreement to Settlement Class Members, subject to approval by the Court, substantially in the form attached as Exhibit 3.

2.23   **"Maximum Payment"** means a payment of $10,750,000.00, which will be made by Defendant to resolve this litigation. All settlement costs, including but not limited to Notice and Administration Costs, Approved Claims, any attorneys' fees, costs, and expenses approved by the Court, any incentive award to Class Plaintiff approved by the

Court , any cost associated with Class Notice, mailing costs, and taxes and tax-related expenses incurred by or in connection with the creation of the Settlement Fund shall all be exclusively paid from the Maximum Payment. Under no circumstances will Defendant or the Released Parties be required to pay any amount in excess of the Maximum Payment in order to resolve the Action.

2.24   **"Notice and Administration Costs"** means (i) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for Mail Notice, Website Notice, publication notice, and any different or additional notice that might be ordered by the Court); (ii) all costs of administering the Settlement, including, but not limited to, identifying Settlement Class Members through reverse telephone look-ups, the cost of printing and mailing Settlement Payments and other payments, Claim Forms, and the cost of maintaining a designated post office box and operating the Settlement Website for receiving Claim Forms; and (iii) the fees, expenses, and all other costs of the Claims Administrator.

2.25   **"Notice Deadline"** has the meaning set forth in **Section 8.1(D)** of this Agreement.

2.26   **"Opt-Out and Objection Deadline"** has the meaning set forth in Sections **8.1(F)**, and **13.1** of this Agreement.

2.27   **"Parties"** means Class Plaintiff and Defendant.

2.28   **"Preliminary Approval Order"** means the order that the Court enters upon preliminarily approving the Settlement and authorizing the dissemination of notice, the proposed form of which is attached as <u>Exhibit 4</u>. "Preliminary Approval" occurs on the date that the Court preliminarily approves the settlement.

2.29   **"Released Claims"** means all claims to be released as set forth in Section **17** of this Agreement. The "Releases" means all of the releases contained in Section **17** of this Agreement.

**2.30**   **"Released Parties"** means and refers to Cox Communications, Inc. and each and all of its respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past,  present and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns or related entities, and each of their respective executors, successors, assigns and legal representatives.

**2.31**   **"Releasing Parties"** means Class Plaintiff and Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any other person or entity claiming through them.

**2.32**   **"Settlement Class"** means "(1) All users of or subscribers to cellular telephones throughout the United States, (2) to whom Cox Communications, Inc. made or initiated at least one call to a cellular telephone, (3) via an automatic telephone dialing system or with an artificial or prerecorded voice, (4) from March 28, 2013 through March 21, 2019, (5) whose cellular telephone number was at any time associated with a Neustar score of 01 in Cox Communications, Inc.'s available records.

Excluded from the Settlement Class are current or former customers of Cox Communications, Inc.

Also excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

The Parties estimate that there are approximately 140,000 members of the Settlement Class.

**2.33**   **"Settlement Class Member"** means any person in the Settlement Class defined in **2.32** above who does not validly and timely request exclusion from the Settlement Class.

7

**2.34** **"Settlement"** means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

**2.35** **"Settlement Payment"** means a cash payment that may be available to eligible Settlement Class Members pursuant to Section **11** of this Agreement.

**2.36** **"Settlement Fund"** means the Maximum Payment to be paid by Defendant as set forth in this Agreement.

**2.37** **"Settlement Termination Date"** means the date, if any, that any Party exercises its right to terminate this Agreement under its terms.

**2.38** **"Settlement Website"** means the website established by the Claims Administrator to aid in the administration of the settlement.

**2.39** **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

**2.40** **"Website Notice"** means the website notice provided pursuant to Section **10.2(B)** of this Agreement, substantially in the form attached as <u>Exhibit 5</u>.  The Website Notice will be posted on the "Settlement Website."

**2.41** Capitalized terms used in this Agreement but not defined above have the meaning ascribed to them in this Agreement, including the attached exhibits.

## 3. AGREEMENT MADE AND CERTIFICATION SOUGHT FOR <u>SETTLEMENT PURPOSES ONLY</u>

**3.1** **General.** This Agreement is made for the sole purpose of settlement of the Action, on a class-wide basis. The Settlement is expressly conditioned upon the entry of a Preliminary Approval Order and a Final Approval Order by the Court. In the event that the Court does not finally approve the settlement, or in the event that the Final Effective Date, as defined in this Agreement, does not occur, this Agreement will be deemed null and void and will be of no force and effect whatsoever, and will not be utilized for any purpose whatsoever.

**3.2    Defendant's Position on Conditional Certification of the Settlement Class.**  Defendant disputes that a class would be manageable or that common issues predominate over individual ones, and deny that a litigation class properly could be certified on the claims asserted in the Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and hereby agrees to certification of the Settlement Class defined in Sections **2.32**, *for settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3).  Certification of the Settlement Class for settlement purposes will not be deemed a concession that certification of any litigation class in the Action is, or was, appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class resulting from this Agreement will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving Defendant.  No agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiff, any person in the Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action, or any other judicial proceeding.

**3.3    Admissibility.**  Additionally, this Agreement, any negotiations or proceedings related to it, the implementation of it, and any papers submitted in support of the motions for approval of it (collectively, the "Settlement Proceedings") are not to be construed as or deemed to be evidence of any admission or concession by any of the Parties regarding liability, damages, or the appropriateness of class treatment, and are not to be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

9

**3.4** **Denial of Liability.** By entering into this Agreement, it is understood that the Released Parties, including Defendant, do not admit and, to the contrary, expressly deny that they have breached any duty, obligation, or agreement; that they have engaged in any illegal, tortious, or wrongful activity; that they are liable to Releasing Parties, including Class Plaintiff, any person in the Settlement Class or any other persons; and that any damages have been sustained by any Releasing Parties in any way arising out of or relating to the conduct alleged in the Action.

**3.5** **Class Plaintiff's Belief in the Merits of the Case.** Class Plaintiff believes the claims asserted in the Action have merit and that the evidence developed to date supports those claims. This Settlement may in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Plaintiff that there is any infirmity in the claims asserted by him, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

**3.6** **Class Plaintiff Recognizes the Benefit of Settlement.** Class Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue the Action against Defendant, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. Class Plaintiff has concluded that it is desirable that the Action and any Released Claims be fully and finally settled and released as set forth in this Agreement. Class Plaintiff and Class Counsel believe that the terms set forth in this Agreement confer substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle, as described herein, given the facts and circumstances underlying this matter.

## 4. **JURISDICTION**

**4.1** The Parties agree that the Court has, and will continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve awards of attorneys' fees, costs, and expenses, and to

supervise the administration of and the distribution of money funded pursuant to this Agreement.

5.      **SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS**

5.1      **Maximum Payment to Settlement Class.**  Defendant will pay the total sum of $10,750,000.00 to settle the Action with the Settlement Class and obtain a release of all Released Claims in favor of all Released Parties as set forth in this Agreement. The Settlement Fund will be used to pay Notice and Administration Costs, Approved Claims, any attorneys' fees, costs, and expenses approved by the Court, and any incentive award to Class Plaintiff approved by the Court. Settlement Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims. In no event will Defendant's payment obligations exceed the Maximum Payment.

5.2      **Amount Paid Per Claim.**  The amount paid per Approved Claim will be divided among the approved claimants on a *pro rata* basis from the amount remaining in the Settlement Fund after deducting Notice and Administration Costs, the amount of any attorneys' fees, costs, and expenses approved by the Court, and any incentive award to Class Plaintiff approved by the Court from the Settlement Fund, subject to Section **11.4**. The amount paid per claim shall be capped at $2,500.00, except as set forth in Section **11.4** below.

6.      **ATTORNEYS' FEES, COSTS, EXPENSES AND PAYMENT TO CLASS PLAINTIFF**

6.1      **Attorneys' Fees, Costs, and Expenses.**  Class Counsel will move the Court for an award of attorneys' fees, costs, and expenses paid from the Settlement Fund. The amount of attorneys' fees, costs, and expenses approved by the Court will be paid from the Settlement Fund, and from no other source. Within five (5) days of the Funding Date and after receipt of Class Counsel's completed W-9 form, the Claims Administrator will pay to Class Counsel the amount of attorneys' fees, costs and expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel. Court

approval of attorneys' fees, costs, and expenses, or their amounts, will not be a condition of Settlement.

**6.2     Payment to Class Plaintiff.**  Class Plaintiff will ask the Court to award an incentive payment (in addition to any *pro rata* distribution she may receive under Sections **5.2** and **11.1-11.4**) for the time and effort she has invested in the Action, and for the benefits her efforts have provided to the Class. Within five (5) days of the Funding Date, the Claims Administrator will pay to Class Plaintiff the incentive payment awarded by the Court. Any incentive payment will come from the Settlement Fund and from no other source.

**6.3     Settlement Independent of Award of Fees and Incentive Payment.**  The payment of attorneys' fees, costs, expenses, and incentive payment set forth in Sections **6.1** and **6.2** are subject to and dependent upon the Court's approval. However, this Settlement is not dependent upon the Court's approving Class Plaintiff's request for such payments or awarding the particular amounts sought by Class Plaintiff.  In the event the Court declines Class Plaintiff's requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

## 7.     <u>CONDITIONS OF SETTLEMENT</u>

**7.1**     Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

        **(A)**     execution of this Agreement by Defendant, Class Plaintiff, and Class Counsel.

        **(B)**     the granting of preliminary approval by the Court.

        **(C)**     sending of the notices, described in Section **10** below.

        **(D)**     the granting of final approval by the Court.

        **(E)**     execution and entry of Judgment by the Court.

        (F)     the occurrence of all other circumstances necessary for the Effective Date to arise.

**7.2**    The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any order contemplated by this Agreement. Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant to this Agreement, and that by doing so they are not in breach or violation of any agreement with Class Plaintiff or any third party.

**7.3 Confirmatory Deposition**.  Defendant will produce a witness for deposition prior to the filing of the Motion for Preliminary Approval, or within a reasonable period after filing of said motion, to testify regarding the available Neustar 01 data within Defendant's records, Defendant's policy of not calling numbers with such data present and the dates of data pulls and compilations regarding Neustar 01 data. The Parties will not engage in further written discovery.

## 8.    PRELIMINARY APPROVAL OF THE SETTLEMENT

**8.1    Preliminary Approval Motion.** As soon as practical after the execution of this Agreement by all Parties, Class Plaintiff will move the Court for entry of the Preliminary Approval Order in substantially the same form attached as Exhibit 4. Pursuant to the motion for preliminary approval, Class Plaintiff will request that (and Defendant will not oppose):

> **(A)**    The Court conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel for the Settlement Class;

> **(B)**    The Court preliminarily approve this Agreement and the Settlement as fair, adequate and reasonable to the Settlement Class;

> **(C)**    The Court approve the form of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement

Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

**(D)** The Court direct that notice be provided to the Settlement Class, in accordance with this Agreement, within forty-five (45) days following entry of the Preliminary Approval Order (the "Notice Deadline");

**(E)** The Court establish a procedure for any Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class in accordance with this Agreement;

**(F)** The Court set a deadline sixty (60) days after the Notice Deadline, after which no one will be permitted to object to the Settlement or exclude himself or herself or seek to intervene (the "Opt-Out and Objection Deadline");

**(G)** The Court approve the Claim Form and the claims process described in this Agreement for the Settlement Class;

**(H)** The Court set the Claim Period for the submission of Claims to end sixty (60) days after the Notice Deadline;

**(I)** The Court, pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out, except that members of the Settlement Class may participate in any regulatory or government proceeding or investigation;

**(J)** The Court, pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and

    **(K)**   The Court schedule a hearing to consider Final Approval of the Settlement, which, subject to Court approval, should be scheduled no earlier than forty-five (45) days after the Opt-Out and Objection Deadline.

**8.2**    **Stay/Bar of Proceedings**. All proceedings between the Parties in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to comply with the Settlement or to implement the Settlement. Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no person in the Settlement Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

## 9.   DEFENDANT TO FUND ESTIMATED NOTICE AND ADMINISTRATION COSTS—CREDIT AGAINST SETTLEMENT FUND

**9.1**    **The Settlement Fund.**   As full and complete consideration for the Settlement as to the Settlement Class, Defendant will pay the total Settlement Fund of $10,750,000.00. The Settlement Fund will be used as described in Sections 5.1 through 6.2 of this Agreement. No amount of the Settlement Fund will be paid until the Funding Date, except that Defendant will pay the Claims Administrator the estimated Notice and Administration Costs following preliminary approval of the Settlement, such that class notice and administration is not delayed due to nonpayment by Defendant. Defendant will be credited for any such payment against its Maximum Payment in funding the Settlement Fund on the Funding Date. After Defendant has created the Settlement Fund and paid out the Maximum Payment required under this Settlement, Defendant shall have no further obligation to pay any amount under this Settlement, and any additional notice or administration costs shall be paid out of the Settlement Fund.

## 10.   ADMINISTRATION AND NOTIFICATION PROCESS

**10.1    Claims Administrator.**    The Claims Administrator will administer the Settlement.  Defendant will reasonably cooperate in the notice and administration process by providing the Claims Administrator, on a confidential basis, with access to the cellular telephone numbers associated with a Neustar score of 01 as set forth above (the "Class List"). Defendant will provide the Class List to the Claims Administrator within twenty-one (21) days following Preliminary Approval.

**10.2    Notice Program For the Settlement Class.**    The Claims Administrator must, by the Notice Deadline, provide:

(A)    **Mail Notice**.    The Claims Administrator will provide individual notice via postcard, with a detachable Claim Form, to the most recent mailing address associated with the 486,694 cellular telephone numbers on Defendant's initial Neustar 01 list, which Defendant will identify as a component of the Class List. The Claims Administrator will work with one or, if necessary, more third-party vendors to perform reverse look-ups between 2015-2016 of the cellular telephone numbers contained in the initial Neustar 01 list to identify names and addresses of potential Settlement Class Members. The Claims Administrator will perform skip tracing one time for all returned direct mail; all costs of skip tracing will be considered costs of notice and administration to be paid from the Settlement Fund. The Notice will direct recipients to the Settlement Website.

(B)    **Website Notice.**    The Claims Administrator will establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, Claim Form, a copy of this Agreement, the Preliminary Approval Order, the Complaint, and any other materials the Parties agree to include. These documents will be available on the Settlement Website beginning 10 days following the

entry of the Preliminary Approval Order and remain until the Effective Date. The Settlement Website will also provide for online submission of Claim Forms and will also allow Settlement Class Members to update their contact information. The Claims Administrator will secure the URL www.KnapperTCPASettlement.com for the Settlement Website.

(C) **Toll free Number/IVR/Telephone Claims.** The Claims Administrator will establish and maintain a toll-free number that will answer questions concerning this Agreement and allow Settlement Class Members to request a written claim form.

(D) **Publication Notice.** The Claims Administrator will cause summary notice of the settlement, as approved by the parties, to be published in USA Today.

(D) **CAFA Notice.** The Claims Administrator will be responsible for serving the CAFA notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the Preliminary Approval Motion.

## 11.   SETTLEMENT PAYMENTS

**11.1   Payments to Settlement Class Members.**  All Settlement Class Members will be entitled to make a Claim upon the Settlement Fund for a Settlement Payment, which will be paid by check, as set forth below. Each Settlement Class Member may make only one Claim, regardless of the number of calls the Settlement Class Member received from Defendant, subject to Section **11.4**, below. Each Settlement Class Member who submits a valid and timely Claim Form will be awarded a *pro rata* share of the Settlement Fund after any Notice and Administration Costs, attorneys' fees, costs, and expenses approved by the Court, and any incentive award to Class Plaintiff approved by the Court are deducted, subject to section **11.4**, below.

**11.2    Conditions For Claiming Settlement Payments.** Settlement Payments will be available to Settlement Class Members on a claims-made basis. To obtain a Settlement Payment, the Settlement Class Member must submit a valid and timely Claim Form, which must include:  (i) the Settlement Class Member's full name, and mailing address; (ii) to the Class Member's best ability, the cellular telephone number at which Defendant allegedly contacted the Settlement Class Member and a statement that the Class Member is not and never was a Cox Communications, Inc. customer; (iii) for mailed Claim Forms, the Settlement Class Member's signature; and (iv) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature and an affirmation that all information contained in the Claim Form is true and accurate. For Claim Forms submitted without a Claim ID, the Settlement Class Member must submit the cell phone number that he or she was allegedly called at by Defendant and that number must match a cell phone number found on the applicable list of telephone numbers associated with a Neustar 01 as reflected in the Class List. Claim Forms must be submitted by mail to the Claims Administrator or via the Settlement Website. To be deemed timely, Claim Forms must be postmarked or submitted via the Settlement Website prior to or on the last day of the Claim Period. There will be no obligation to honor any Claim Forms submitted or postmarked after the end of the Claim Period, even if such Claim Form otherwise would be valid.

**11.3    Payment Estimates**. Class Counsel will include in the Class Notices a good faith estimated range for Settlement Awards.

**11.4    Payments to Settlement Class Members If *Pro Rata* Distributions Would Exceed $2,500**. If and only if *pro rata* payments pursuant to Section **11.1** would exceed $2,500, participating Settlement Class Members would be limited to a recovery of $2,500 unless they provide documentary evidence in the form of, for example, telephone records from their wireless carrier, screen shots from their cellular telephones, or other documentary evidence demonstrating that they received more than five calls from

18

Defendant. In such circumstances, participating Settlement Class Members who provide documentary evidence demonstrating that they received more than five calls from Defendant would receive additional compensation in the form of a *pro rata* portion of the remaining funds after all participating Settlement Class Members receive $2,500 each. Should Section **11.4** be triggered, the Claims Administrator will send written communications to all participating Settlement Class Members after the expiration of the Claims Period to solicit documentation demonstrating that they received more than five calls from Defendant. Participating Settlement Class Members would then have forty-five (45) days to provide such documentation to the Claims Administrator. The Claims Administrator will then determine how many Settlement Class Members provided documentation demonstrating receipt of more than five calls from Defendant during the Class Period. Those participating Settlement Class Members who provided documentation demonstrating receipt of more than five calls from Defendant will receive additional compensation in the form of a *pro rata* portion of the remaining funds after all participating Settlement Class Members receive $2,500 each.

## 12.    DISTRIBUTION OF SETTLEMENT PAYMENTS

**12.1    Settlement Payments.**  Class Members will receive Settlement Payments by check. The Claims Administrator will send each eligible Settlement Class Member who timely submits a completed, valid Claim Form within forty-five (45) days after the Funding Date their Settlement Payment. The Claims Administrator will skip trace and re-mail, to Settlement Class Members, if necessary, to reach Settlement Class Members who have submitted a valid Claim Form; all costs of such work will be Notice and Administration Costs paid from the Settlement Fund. Checks will be valid for one-hundred twenty (120) days from the date on the check. The amounts of any checks that are returned as undeliverable or that remain uncashed more than one-hundred twenty (120) days after the date on the check will be included as part of the Second Distribution (as defined below).

**12.2    Second Distribution.**  If, after the expiration date of the checks distributed pursuant to Section **12.1** above, there remains money in the Settlement Fund sufficient to pay at least five dollars ($5.00) to each Settlement Class Member who was not a person who failed to cash his or her initial Settlement Payment check, such remaining monies will be distributed on a *pro rata* basis to those Settlement Class Members (the "Second Distribution"). The Second Distribution will be made within ninety (90) days after the expiration date of the checks distributed pursuant to Section **12.1** above, and will be paid in the same manner as the original Settlement Payment. Checks issued pursuant to the Second Distribution will be valid for one-hundred twenty (120) days from the date on the check.

**12.3    Remaining Funds.**  Subject to the provisions in Section **2.23** herein, money in the Settlement Fund that has not been distributed following the expiration of checks issued pursuant to the Second Distribution as set forth in Section **12.2** above, including money not distributed because there is not enough money in the Settlement Fund to justify a Second Distribution (the "Remaining Funds"), will be paid as *cy pres*. The parties designate Boys and Girls Clubs of America as the *cy pres* designee.

## 13.    <u>OPT-OUTS AND OBJECTIONS</u>

**13.1    Opt-Out Requirements.**  Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; (iii) include the cellular telephone number on which he or she received a call; and (iv) include the following statement: "I/we request to be excluded from the settlement in the Cox Communications TCPA action." No request for exclusion will be valid unless all of the information described above is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with

that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class. A member of the Settlement Class may opt out on an individual basis only. "Mass" or "class" opt-outs, whether submitted by third parties on behalf of a "mass" or "class" of class members or multiple class members, where no personal statement has been signed by each individual Settlement Class Member in compliance with Section **13.1**, are not allowed.

      **13.2**    **Retention of Exclusions.**  The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

      **13.3**    **Effect of Opt-Out.**  Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and will not be bound by the terms of this Agreement.

      **13.4**    **Right To Object.**  Any Settlement Class Member may appear at the Final Fairness Hearing to object to the proposed Settlement, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section will have waived any objection and be forever foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees, costs, and expenses, and incentive award.  Further, any Settlement Class Member who intends to appear at the Final Fairness Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

      **13.5**    **Objection Requirements.**  To be heard at the Final Fairness Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline. The objection must also be mailed to each of the

following, postmarked not later than the last day to file the objection: (i) Class Counsel—Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 7601 N. Federal Highway, Suite A-230, Boca Raton, FL 33487; and (ii) Defendant's Counsel—Petrina A. McDaniel, Squire Patton Boggs (US) LLP, 1372 Peachtree Street NW, Atlanta, GA 30309. An objection must:

    (A)    Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the Claim ID, full name, address, the cellular telephone number called, statement that the Class Member is not and never was a Cox Communications, Inc. customer, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;

    (B)    Include a statement of such Settlement Class Member's specific objections; and

    (C)    State the grounds for objection and attach any documents supporting the objection.

**13.6**    Any Settlement Class Member who objects may, but does not need to, appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. A Settlement Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must: (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties. Any Settlement Class Member who fails to comply with the provisions of Sections **13.4** and **13.5** will waive and forfeit any and all rights to appear separately and to object, and will be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

## 14.    FINAL APPROVAL AND JUDGMENT ORDER

**14.1    Final Approval.**  Following completion of the Class Notice process and at least twenty-eight (28) days before the Final Fairness Hearing, the Parties will request that the Court enter an order finally approving the Settlement, which will specifically include provisions that:

**(A)**    Finally approve the Settlement as fair, reasonable and adequate;

**(B)**    Find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

**(C)**    Find that the Settlement Class Members have been adequately represented by Class Plaintiff and Class Counsel;

**(D)**    Approve the plan of distribution for the Settlement Fund and any interest accrued thereon;

**(E)**    Certify the Settlement Class;

**(F)**    Vacate the Court's February 6, 2019, class certification order, Doc. 89, and decertify the previously approved class due to the intervening filing of an amended complaint and the Court's subsequent certification of the Settlement Class;

**(G)**    Confirm that Class Plaintiff and the Settlement Class Members have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

    **(H)**    Dismiss on the merits and with prejudice all claims of the Settlement Class Members asserted against Defendant, as well as the Action, without costs to any party, except as provided in this Agreement; and

    **(I)**    Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## 15.    FINAL JUDGMENT

**15.1**    The Judgment entered at the Final Fairness Hearing will be deemed final:

    **(A)**    Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within the time seeking appeal, review or rehearing of the judgment; or

    **(B)**    If any such document is filed, then five (5) days after the date upon which all appellate and other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section **14.**

## 16.    <u>DISMISSAL, NO ADMISSIONS AND PUBLICITY</u>

**16.1**    **Dismissal.**  Upon entry of the Final Approval Order, the Action will be dismissed with prejudice as to the Class Plaintiff and Settlement Class Members.

**16.2**    **No Admission of Liability.**  Defendant expressly disclaims and denies any wrongdoing or liability whatsoever, and Defendant expressly denies all liability and wrongdoing of any kind associated with the alleged claims in the operative complaint. Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action. This Settlement, and any and all negotiations, statements, documents, and proceedings in connection with this Settlement, may not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and may not be construed or deemed to be evidence of an

admission or concession that any person suffered compensable harm or is entitled to any relief.

**16.3   Publicity.**  The Parties will not make statements of any kind to any third-party regarding the Settlement prior to the filing of a motion for Preliminary Approval with the Court, with the exception of the Claims Administrator and for the purpose of soliciting claims administration proposals.

## 17.   RELEASE OF CLAIMS

**17.1**   As of the Effective Date, Class Plaintiff, and the Settlement Class Members, provide the following releases:

**17.2**   Class Plaintiff, and each Settlement Class Member, will, and as of the Effective Date hereby do, fully release and forever discharge Defendant and the Released Parties from any and all claims, causes of action, and suits of any nature whatsoever, whether based in federal or state law, and whether known or unknown, as of the date of the Final Approval Order, which arise from Cox Communications, Inc.'s contacts, or attempted contacts, with Settlement Class Members on their cellular telephones, via an automatic telephone dialing system or artificial or prerecorded voice, or any other technology governed by the TCPA, including claims for a violation of the TCPA, or any other state law giving rise to claims resulting from the use of an automatic telephone dialing system or an artificial or pre-recorded voice to call cellular telephones (collectively, the "Released Claims").

**17.3   Waiver of Unknown Claims.**  Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained therein, becomes effective.  This Section constitutes a waiver of such claims, without limitation as to any other applicable law, including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE
> TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR.

**17.4** Class Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Class Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**17.5     Covenant Not to Sue.**  Class Plaintiff and Settlement Class Members agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

## 18.     <u>TERMINATION OF AGREEMENT</u>

**18.1     Either Side May Terminate the Agreement.**  Class Plaintiff and Defendant have the right to unilaterally terminate this Agreement by providing written notice of her or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

**(A)**    The Court rejects or declines to preliminarily or finally approve the Agreement;

**(B)**    An appellate court reverses the Final Approval Order, and the Agreement is not reinstated without material change by the Court on remand; or

**(C)**    The Effective Date does not occur.

**18.1.1 Defendant May Terminate the Agreement.**  In the event that the number of persons in the Settlement Class who validly and timely submit opt-out requests exceeds 1,500 people, Defendant, in its sole and absolute discretion, may terminate this Agreement by providing written notice to Class Counsel within seven (7) days after the Opt-Out and Objection Deadline.

**18.2    Settlement Fund Return to Defendant.**  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason including, but not limited to, those reasons outlined in Section **18.1** herein, the Settlement Fund money remaining in the Escrow Account (including accrued interest, if any), will be returned to Defendant within fifteen (15) days of the event that causes the Agreement to not become effective. In such circumstance, Defendant will remain liable for all monies expended to date by the Claims Administrator, except that Defendant will be entitled to a credit in the amount of such funds as an offset against any judgment in favor of Settlement Class Members entered against Defendant in this Action or any similar action..

**18.3    Revert to Status Quo.**  If either Class Plaintiff or Defendant validly terminates this Agreement, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated, and any orders vacated as a result of this Agreement will be reinstated. However, any payments made to the Claims Administrator for services rendered to the date of termination will not be refunded by Defendant, except for amounts

27

forwarded to the Claims Administrator for which no services have yet been provided by the Claims Administrator.  Defendant will, however, be entitled to a credit in the amount of such funds as an offset against any judgment in favor of Settlement Class Members entered against Defendant in this Action or any similar action.

**19.    TAXES**

**19.1    Qualified Settlement Fund.**  The Parties agree that the Escrow Account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. The Claims Administrator will timely make such elections as necessary or advisable to carry out the provisions of Section **10**, including if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections must be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**19.2    Claims Administrator is "Administrator."**   For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator must be designated as the "administrator" of the Settlement Fund. The Claims Administrator must cause to be timely and properly filed all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B2(k)).  Such returns must reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund will be paid out of the Settlement Fund.

**19.3    Taxes Paid By Administrator.**  All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant or any of the other Released Parties with respect to any income earned by

the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, will be paid by the Settlement Fund.

    **19.4   Expenses Paid from Fund.**   Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in Section **10**, including fees of tax attorneys and accountants, will be paid from the Settlement Fund.

    **19.5   Responsibility for Taxes on Distribution.**   Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses will not be paid from the Settlement Fund.

    **19.6   Defendant Is Not Responsible.**   In no event will Defendant or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Class Plaintiff, Settlement Class Members, Class Counsel or any other person or entity. The Settlement Fund shall indemnify and hold Defendant and other Released Parties harmless for all such taxes and tax-related expenses.

## 20.   MISCELLANEOUS

    **20.1   Governing Law.**   This Agreement is to be governed by the laws of the State of Arizona.

    **20.2   Evidentiary Preclusion.**   In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Agreement and the judgment in any action or proceeding that may be brought against them.

    **20.3   No Construction Against Drafter.**   This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the

29

Agreement should be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**20.4    Entire Agreement.** This Agreement and exhibits hereto constitute the entire agreement between the Parties and supersede all prior understandings, agreements, or writings regarding the subject matter of this Agreement. No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement. This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving party. The waiver by one party of any breach of this Agreement by any other party may not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

**20.5    Authority.** Each person executing this Agreement on behalf of any of the Parties hereto represents that such person has the authority to execute this Agreement.

**20.6    No Assignment.** No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

**20.7    Receipt of Advice of Counsel.** Class Plaintiff and Defendant acknowledge, agree and specifically warrant that she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each Party to this Agreement warrants that she or it is acting upon his or its independent judgment and upon the advice of her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**20.8    Agreement Binding on Successors in Interest.**  This Agreement is binding on and will inure to the benefit of the respective heirs, successors and assigns of the Parties.

**20.9    Execution in Counterparts.**  The Parties may execute this Agreement in any number of counterparts, each of which will be deemed an original, but all of which together constitutes one and the same instrument.

**20.10  Notices.**  Unless stated otherwise herein, any notice required or provided for under this Agreement must be in writing and may be sent by electronic mail, fax, regular mail or FedEx, postage prepaid, as follows:

<u>As to Plaintiff and the Settlement Class</u>          <u>As to Defendant</u>:

Michael L. Greenwald                             Petrina A. McDaniel
Greenwald Davidson Radbil PLLC        Squire Patton Boggs (US) LLP
7601 N. Federal Highway, Ste. A-230    1372 Peachtree Street NW
Boca Raton, FL 33487                          Atlanta, GA 30309

**20.11  Future Changes in Interpretations, Laws, or Regulations.** To the extent Congress, the Federal Communications Commission, the courts, or any other relevant regulatory authority promulgates or orders materially different requirements under the TCPA or interpretations thereof, those laws, interpretations, and regulatory provisions do not impact this Settlement Agreement.

**20.12  Amendment.**  This Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**20.13 Confidential Information.**  The Parties agree that the names, addresses, telephone numbers and other data and materials concerning potential Settlement Class Members used in effecting this Agreement ("Confidential Information") are highly confidential. Therefore, it is agreed that no person, other than individuals directly employed

31

by Defendant or to whom Defendant has expressly permitted access; the Claims Administrator and employees of the Claims Administrator; Class Counsel and employees of Class Counsel; and such other persons as the Court may order after hearing and notice to all counsel of record, shall be allowed to access any Confidential Information.

**20.14  Resolution of Disputes.**  The Parties will cooperate in good faith in the administration of this Settlement. Any unresolved dispute regarding the administration of this Agreement will be decided by the Court, or by a mediator upon agreement of the Parties and approval by the Court.

**20.15 Non-Waiver of Debts/Obligations Owing By Class Members.** The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by any Settlement Class Member to Defendant and/or any of the Released Parties. This Settlement Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by Settlement Class members and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendant.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as follows:

[SIGNATURES ON FOLLOWING PAGE]

CLASS PLAINTIFF:


_____        Dated: _____, 2019
Joanne Knapper


DEFENDANT:

Cox Communications, Inc.                 Dated: _____, 2019


By:     _____

Its:    _____


**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Greenwald Davidson Radbil PLLC           Dated: _____, 2019


_____
Michael L. Greenwald


**DEFENDANT'S COUNSEL**

Squire Patton Boggs (US) LLP             Dated: _____, 2019


_____
Petrina A. McDaniel

CLASS PLAINTIFF:


Joanne Knapper                                    Dated: June 17, 2019

DEFENDANT:

Cox Communications, Inc.                          Dated: _____, 2019


By: _____

Its: _____


**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Greenwald Davidson Radbil PLLC                    Dated: _____, 2019


_____
Michael L. Greenwald


**DEFENDANT'S COUNSEL**

Squire Patton Boggs (US) LLP                      Dated: _____, 2019


_____
Petrina A. McDaniel

CLASS PLAINTIFF:

_____          Dated: _____, 2019
Joanne Knapper


DEFENDANT:

Cox Communications, Inc.                   Dated: 6/18, 2019

By: _____

Its: SVP and General Counsel


**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Greenwald Davidson Radbil PLLC             Dated: June 17, 2019

_____
Michael L. Greenwald


**DEFENDANT'S COUNSEL**

Squire Patton Boggs (US) LLP               Dated: 6 / 18, 2019

_____
Petrina A. McDaniel

33

# EXHIBIT 1

Carefully separate at perforation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

**Joanne Knapper v. Cox Communications, Inc.,**
**Case No. 2:17-cv-00913-SPL (D. Arizona)**

<u>CLAIM FORM</u>

[admin] ID: «[Admin] ID»                    Name/Address Changes:
«First Name» «Last Name»
«Address1»
«City», «State» «Zip»

I am a member of the settlement class in *Knapper v. Cox Communications, Inc*. I received one or more automated or prerecorded voice calls from Cox Communications, Inc. to my cellular telephone between March 28, 2013 and March 21, 2019, and I did not have an account with Cox Communications, Inc. prior to March 21, 2019.

**IF YOU MOVE, send your CHANGE OF ADDRESS to the**
**Settlement Administrator at the address on the backside of this form.**

Signature: _____          Telephone number on which I received the call(s):

Date of signature: _____

**To receive a payment you must enter all requested information above, sign**
**and mail this claim form, postmarked on or before [month] [day], 2019.**
Or you may visit the settlement website, www.KnapperTCPASettlement.com, or call [number].

**To exclude yourself from the class action settlement you must mail a written request for**
**exclusion to the Claims Administrator, postmarked on or before [month] [day], 2019.**
**Your request must include the information required by the Court's [month] [day], 2019 Order.**

**Bottom Inside**

---

Postage

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Knapper v. Cox Communications, Inc. Administrator**
**[address]**
**[city], [state] [zip code]**

**Bottom Outside**

EXHIBIT 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanne Knapper, *on behalf of herself and others similarly situated*, | ) No. CV-17-00913-PHX-SPL ) |
| Plaintiff, | ) **FINAL ORDER AND JUDGMENT** ) |
| | ) ) |
| v. | ) ) |
| Cox Communications, Inc., | ) ) |
| Defendant. | ) ) |
| _____ | ) |

17
18
19
20
21
22
23
24
25
26
27
28

On March 28, 2017, Joanne Knapper ("Plaintiff") filed a class action complaint (the "Action") against Cox Communications, Inc. ("Cox") in the United States District Court for the District of Arizona, Case No. 2:17-cv-00913-SPL, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

Cox denies any and all liability alleged in the Lawsuit.

On June 18, 2019, after extensive arm's-length negotiations, Plaintiff and Cox (together, the "Parties") entered into a written settlement agreement (the "Settlement Agreement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure.

1

On June __, 2019, Plaintiff filed the Settlement Agreement, along with her Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Cox caused written notice of the proposed class settlement to be served as directed by the statute.

On _____, 2019, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) conditionally certified (for settlement purposes only) a class of plaintiffs (the "Settlement Class Members") with respect to the claims asserted in the Action; (ii) preliminarily approved the proposed settlement; (iii) confirmed the appointment of Joanne Knapper as the Class Representative; (iv) confirmed the appointment of Greenwald Davidson Radbil PLLC as Class Counsel; (v) set the date and time of the Settlement Fairness Hearing; and (vi) directed the issuance of notice to Settlement Class Members.

On _____, 2019, Plaintiff filed her Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On _____, 2019, this Court held a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Settlement Class satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court.

Plaintiff now requests final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

2

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record.  All capitalized terms used herein have the meanings defined herein and in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Action and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Settlement Class is hereby certified, for settlement purposes only, as follows:

> (1) All users of or subscribers to cellular telephones throughout the United States, (2) to whom Cox Communications, Inc. made or initiated at least one call to a cellular telephone, (3) via an automatic telephone dialing system or with an artificial or prerecorded voice, (4) from March 28, 2013 through March 21, 2019, (5) whose cellular telephone number was at any time associated with a Neustar score of 01 in Cox Communications, Inc.'s available records.

Excluded from the Settlement Class are individuals who were Cox customers at any time prior to March 21, 2019.

Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Joanne Knapper as the Class Representative and Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel.

The Court vacates its February 6, 2019 class certification order, Doc. 89, and decertifies the previously approved class due to the intervening filing of an amended complaint and the Court's certification of the settlement class in this matter.

Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Settlement Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court

finds that the notice was clearly designed to advise Settlement Class Members of their rights.

The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.  The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.  There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

C.  Plaintiff's claims are typical of the claims of the Settlement Class Members;

D.  Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

E.  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, when considering, in their totality, the following factors: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 895 F.3d 597, 610 n.18 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members:

> *Approval of the Proposal*. If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> > (i) the costs, risks, and delay of trial and appeal;
> >
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> >
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> >
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Settlement Agreement, which is deemed incorporated in this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court.  The material terms of the Settlement Agreement include, but are not limited to, the following:

A.      <u>Settlement Fund</u> – Cox will establish a $10,750,000.00 Settlement Fund (the "Settlement Fund").

B.      <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

a.      The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify potential class members;

b.      Plaintiff's attorneys' fees, in the amount of __ percent of the Settlement Fund, and the reimbursement of Class Counsel's litigation costs and expenses, in the amount of $_____; and

c.      The Incentive Payment to Plaintiff.  Joanne Knapper will receive $20,000 as acknowledgment of her role in prosecuting this case on behalf of Settlement Class Members.

C.      <u>Settlement Payment to Class Members</u> - Each Settlement Class Member who has submitted a valid and timely claim form will receive compensation as set forth in the Settlement Agreement.  Each settlement check will be void one-hundred twenty (120) days after issuance.

The Settlement Class Members were given an opportunity to object to the settlement.  ___ Settlement Class Members objected to the settlement.

___ Class Members made a valid and timely request for exclusion.

This Order is binding on all Settlement Class Members, except the following individuals who made valid and timely requests for exclusion: _____.

Plaintiff, Settlement Class Members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement.  Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This Final Order and Judgment bars and permanently enjoins Plaintiff and all members of the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the Released Claims, and (b) attempting to effect Opt Outs of a class of

6

individuals in any lawsuit or arbitration proceeding based on the Released Claims, except that Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this class action settlement.

The Action is hereby dismissed with prejudice in all respects.

This Order, the Settlement Agreement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement are not, and will not be construed as, an admission by Cox of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

Class Counsel's request for an award of attorneys' fees of __ percent of the Settlement Fund is approved.

Class Counsel's request for reimbursement of reasonable litigation costs and expenses in the amount of $_____ is approved.

Plaintiff's request for an incentive award of $20,000.00 is approved.

EXHIBIT 3

**What is this lawsuit about?** Joanne Knapper filed this lawsuit against Cox Communications, Inc. ("Cox"), alleging that Cox violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing automated and prerecorded calls to the cellular telephones of persons who are not Cox customers. Cox denies the allegations and denies that it violated the TCPA. The Court did not decide who is right and who is wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Cox's records identified you as a <u>potential</u> member of the following class: "(1) All users of or subscribers to cellular telephones throughout the United States, (2) to whom Cox Communications, Inc. made or initiated at least one call to a cellular telephone, (3) via an automatic telephone dialing system or with an artificial or prerecorded voice, (4) from March 28, 2013 through March 21, 2019, (5) whose cellular telephone number was at any time associated with a Neustar score of 01 in Cox Communications, Inc.'s available records." The class excludes all persons who were Cox customers at any time prior to March 22, 2019.

**What does the settlement provide?** Cox will establish a settlement fund of $10.75 million. Out of the settlement fund, Cox will pay: (1) Settlement compensation to participating class members; (2) an award of attorneys' fees not to exceed 28 percent of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by Class Counsel litigating this matter not to exceed $55,000, subject to the Court's approval; and (4) an incentive award to Ms. Knapper not to exceed $20,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $100 and $300, depending on the number of Class Members who participate.

**What are your legal rights and options?** You have four options. First, if you received automated or prerecorded calls from Cox between March 28, 2013 and March 21, 2019 and were never a Cox customer prior to March 22, 2019, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at www.KnapperTCPASettlement.com, in which case you will receive a proportionate share of the settlement fund after deducting the above-listed fees, costs, and expenses, and will release any claim(s) you have against Cox related to the claims in this case. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but, if you are a Class Member, you will release any claim(s) you have against Cox related to the claims in this case. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any claim(s) you have against Cox. Or fourth, Class Members may object to the settlement. To obtain additional information about your legal rights and options, visit www.KnapperTCPASettlement.com, or contact the settlement administrator by writing to: Knapper v. Cox Communications, Inc., c/o [administrator name and address] or by calling [number].

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [month] [day], 2019, at [time]. The hearing will take place in the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Front Inside**

---

**Front Outside**

**This is a notice of a settlement of a class action lawsuit.**
**This is <u>not</u> a notice of a lawsuit against you.**

**If you received an automated or prerecorded call on your cell phone from Cox Communications from March 28, 2013 through March 21, 2019 and were never a Cox customer, you may be entitled to compensation as a result of the settlement of the class action lawsuit captioned:**

*Knapper v. Cox Communications, Inc.*
No. 2:17-cv-00913 (D. Arizona)

**A federal court authorized this notice.  This is not a solicitation from a lawyer.**

**Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

**Knapper v. Cox Communications, Inc.**
c/o [administrator]
[address]
[city], [state] [zip]

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanne Knapper, *on behalf of herself and others similarly situated*, | ) No. CV-17-00913-PHX-SPL ) ) |
| Plaintiff, | ) **ORDER PRELIMINARILY APPROVING** ) **CLASS ACTION SETTLEMENT** ) |
| v. | ) ) |
| Cox Communications, Inc., | ) ) |
| Defendant. | ) ) |
| _____ | ) |

The Court has been advised that the parties to this action, Joanne Knapper ("Plaintiff" or "Class Representative"), and Cox Communications, Inc. ("Defendant" or "Cox"), through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in their written settlement agreement (the "Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are incorporated by reference herein;

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on _____**, 2019**, after notice to the Settlement

1

Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this lawsuit,

IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the action and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant is directed to cause written notice of the proposed class settlement to be served as directed.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this action is conditionally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (referred to as the "Settlement Class Members") with respect to the claims asserted in this action:

> (1) All users of or subscribers to cellular telephones throughout the United States, (2) to whom Cox Communications, Inc. made or initiated at least one call to a cellular telephone, (3) via an automatic telephone dialing system or with an artificial or prerecorded voice, (4) from March 28, 2013 through March 21, 2019, (5) whose cellular telephone number was at any time associated with a Neustar score of 01 in Cox Communications, Inc.'s available records..

The Settlement Class excludes individuals who were ever Cox customers prior to March 22, 2019.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms its appointment of Joanne Knapper as the Class Representative and Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel.

The Court preliminarily finds, for settlement purposes only, that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A.     The Settlement Class Members are so numerous and geographically dispersed that joinder of all of them is impracticable;

2

B.     There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

C.     Plaintiff's claims are typical of the claims of the Settlement Class Members;

D.     Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

E.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, when considering, in their totality, the following factors: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 895 F.3d 597, 610 n.18 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Court has also considered the following factors in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members:

*Approval of the Proposal*. If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

3

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

A third-party class administrator acceptable to the parties will administer the settlement and notification to Settlement Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Settlement Class Members who can be identified through reasonable efforts, including reverse look-ups of Settlement Class Members' cellular telephone numbers. All costs of notice and administration will be paid from the settlement fund. Upon the recommendation of the parties, the Court appoints the following class administrator: Epiq Systems, Inc.

The Court approves the form and substance of the postcard notice, claim form, and Question & Answer Notice, which are attached as exhibits to the Settlement Agreement. The proposed form and method for notifying Settlement Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice plan is clearly designed to advise Settlement Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will cause the postcard notice to be mailed to Settlement Class Members as expeditiously as possible, but in no event later than 45 days after the Court's entry of this order, *i.e.*, **no later than _____, 2019**. The class administrator will confirm, and if necessary, update the addresses for the Settlement Class Members through a standard methodology that the class

administrator uses to update addresses. In addition, the Settlement Agreement, Question & Answer Notice, and relevant pleadings, will be made available to Settlement Class Members through a dedicated website.

Any Settlement Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 60 days after the Notice Deadline (105 days after the Court's entry of this order), *i.e.*, **no later than _____, 2019**. To be effective, the written request for exclusion must state the Settlement Class Member's full name, address, and telephone number, along with a statement that the Settlement Class Member wishes to be excluded, and must be signed by the Settlement Class Member.  Any Settlement Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any Settlement Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Notice Deadline (105 days after the Court's entry of this order), *i.e.*, **no later than _____, 2019**. Further, any such Settlement Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 7601 N. Federal Highway, Suite A-230, Boca Raton, FL 33487; and to Counsel for Defendant, Attention: Petrina A. McDaniel, Squire Patton Boggs (US) LLP, 1372 Peachtree Street NW, Atlanta, GA 30309. To be effective, an objection to the proposed settlement must:

A.      Contain a heading which includes the name of the case and case number;

B.      Provide the name, address, telephone number and signature of the Settlement Class Member filing the objection;

C.      Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the

cellular telephone number called by Cox and a verification that the objector is not, and never was, a Cox customer;

D.    Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 105 days after the Court preliminarily approves the settlement;

E.    Be filed with the Clerk of the Court no later than 105 days after the Court preliminarily approves the settlement;

F.    Contain the name, address, bar number and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the District of Arizona;

G.    Include a statement of such Settlement Class Member's specific objections; and

H.    State the grounds for objection, as well as identify any documents which such objector desires the Court to consider.

Any Settlement Class Member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and expenses. The right to object to the proposed settlement must be exercised individually by an individual Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased, minor, or incapacitated class member, not by the act of another person acting or purporting to act in a representative capacity.

The Court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, becomes an Opt-Out) will be bound by all proceedings, orders and judgments in this litigation, even if such

member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Settlement Agreement release.

The Court approves the Claim Form attached as an exhibit to the Settlement Agreement as well as the claims process described in the Settlement Agreement. The class administrator will mail a settlement check to each Settlement Class Member who submits a timely, valid claim form and does not exclude himself or herself from the class. The settlement checks to the Settlement Class Member will be sent via U.S. mail no later than 45 days after the judgment in this case becomes final.

Plaintiff may petition the Court to receive an amount not to exceed $20,000 as acknowledgement of her role in prosecuting this case on behalf of the Settlement Class Members.

Pending determination of whether final approval of the Settlement Agreement should be granted, the Court enjoins Plaintiff and all members of the Settlement Class unless and until they have timely excluded themselves from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, in any other lawsuit, arbitration or other proceeding against Cox Communications, Inc. in any jurisdiction based on the Released Claims, (b) filing, commencing or prosecuting a lawsuit, arbitration or other proceeding against Cox Communications, Inc. as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims and (c) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding against Cox Communications, Inc. based on the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

The Court will conduct a hearing (the "Final Fairness Hearing") on _____, **2019** at the United States District Court for the District of Arizona, Sandra Day O'Connor

U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003, to review and rule upon the following issues:

A.    Whether this action satisfies the applicable requirements for class action treatment for settlement purposes under Rule 23;

B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

C.    Whether a final order and judgment should be entered, dismissing this action with prejudice and releasing the Released Claims against the Released Parties; and

D.    To discuss and review other issues as the Court deems appropriate.

Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard are, however, required to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to Settlement Class Members.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.  The Court, pending final determination of whether the Settlement should be approved, stays all proceedings except those related to effectuating the Settlement.

The Court sets the following schedule:

| Date | Event |
|------|-------|
|      | Preliminary Approval Order Entered |
|      | Notice Sent (45 days after entry of Preliminary Approval Order) |

8

| Date | Event |
|---|---|
| | Motion for Attorneys' Fees, Costs, Expenses, and an Incentive Award Filed (30 days after Notice Sent, and 30 days prior to Claims, Exclusion, and Objection Deadline) |
| | Deadline to Submit Claims, Send Exclusion or File Objection (60 days after Notice Deadline) |
| | Motion for Final Approval, responses to any objections, and Class Counsel's Reply in Support of Motion for Attorneys' Fees, Costs, Expenses, and an Incentive Award Filed (at least 30 days prior to Final Fairness Hearing) |
| | Final Fairness Hearing Held (at least 45 days after Deadline to Submit Claims, Send Exclusion or File Objection) |

# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Joanne Knapper, *on behalf of* )
*herself and others similarly situated*, ) Case No. 2:17-cv-00913-SPL
 )
    Plaintiff, )
 )
v. )
 )
Cox Communications, Inc., )
 )
    Defendant. )
_____)

**WEBSITE Q & A NOTICE**

This is a notice of a settlement of a class action lawsuit.
This is <u>not</u> a notice of a lawsuit against you.

**If you received one or more automated or prerecorded telephone calls to your cellular telephone from Cox Communications, Inc. ("Cox") from March 28, 2013 through March 21, 2019, and you were never a Cox customer prior to March 22, 2019, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Joanne Knapper v. Cox Communications, Inc.*, No. 2:17-cv-00913-SPL (D. Arizona)

**A federal court authorized this notice.**
**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**
**It explains your rights and options to participate in a class action settlement.**

**What are your legal rights and options?**

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you submit a timely claim form you will receive a share of the settlement fund after expenses are deducted, and you will release claims you may have against Cox related to this case. |
| **DO NOTHING:** | If you do nothing, you will <u>not</u> receive a share of the settlement fund, but if you are a Class Member you will release claims you may have against Cox related to this case. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any claims you have against Cox. |
| **OBJECT:** | If you do not exclude yourself from the settlement, you may object to the settlement. |

**Why is this notice available?**

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve the lawsuit Joanne Knapper filed against Cox Communications, Inc. Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

**What is this lawsuit about?**

Ms. Knapper filed this lawsuit against Cox, alleging that Cox violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, when calling consumers on their cellular telephones, via an automatic telephone dialing system or with an artificial or prerecorded voice,

who are not and were never Cox customers. Cox denies the allegations, denies that it used an automatic telephone dialing system to place calls to Settlement Class Members, and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

### Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

### Why is there a settlement?

Ms. Knapper, on the one hand, and Cox, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense associated with it, and to achieve a final resolution of the disputed claims. The proposed settlement was reached after Ms. Knapper and Cox attended mediation with retired Judge Layn Phillips. Under the settlement, Settlement Class Members will obtain a payment in settlement of the claims Ms. Knapper raised in the lawsuit. Ms. Knapper and her attorneys think the settlement is fair and reasonable.

### How do you know if your claims are included in the settlement?

This settlement resolves claims on behalf of the following class:

(1) All users of or subscribers to cellular telephones throughout the United States, (2) to whom Cox Communications, Inc. made or initiated at least one call to a cellular telephone, (3) via an automatic telephone dialing system or with an artificial or prerecorded voice, (4) from March 28, 2013 through March 21, 2019, (5) whose cellular telephone number was at any time associated with a Neustar score of 01 in Cox Communications, Inc.'s available records.

Excluded from the Settlement Class are individuals who were customers of Cox Communications, Inc. at any time prior to March 22, 2019.

The Parties estimate there to be approximately 140,000 Settlement Class Members.

### What does the settlement provide?

Cox will establish a settlement fund in the amount of $10.75 million. Out of the settlement fund, Cox will pay:

      a.      Settlement compensation to Settlement Class Members;

      b.      Notice and administration costs not to exceed $500,000;

      c.      An award of attorneys' fees, subject to the Court's approval;

      d.     Costs and expenses incurred litigating this matter, subject to the Court's approval; and

      e.     An incentive award to Ms. Knapper, subject to the Court's approval.

Each Settlement Class Member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the $10.75 million settlement fund as it exists after deducting:

      a.     Attorneys' fees in an amount not to exceed 28 percent of the settlement fund, subject to the Court's approval;

      b.     Litigation costs and expenses not to exceed $55,000, subject to the Court's approval; and

      c.     An incentive award for Ms. Knapper, not to exceed $20,000, subject to the Court's approval.

It is estimated that each participating Settlement Class Member will receive between $100 and $300. The actual amount each participating Settlement Class Member will receive depends on the number of Settlement Class Members who submit timely, valid claims.

In the unlikely event that payments to participating Settlement Class Members would otherwise exceed $2,500, such payments will be limited to $2,500 unless Settlement Class Members provide documentary evidence in the form of, for example, telephone records from their wireless carrier, screen shots from their cellular telephones, or other documentary evidence demonstrating that they received more than five calls from Cox. In such circumstances, participating Settlement Class Members who provide documentary evidence demonstrating that they received more than five calls from Cox would receive additional compensation in the form of a *pro rata* portion of the remaining funds after all participating Settlement Class Members receive $2,500 each. Should this occur, the Claims Administrator will send written communications to all participating Settlement Class Members to solicit documentation demonstrating that they received more than five calls from Cox.

Settlement Class Members should not provide telephone records or other documentation identifying the number of calls they received from Cox at this time, and will be asked to do so only if settlement awards to each participating Settlement Class Member exceed $2,500.

### How can you get a payment?

You must mail a valid claim form to the Knapper v. Cox Communications Settlement Administrator, [address], [city], [state] [zip code] postmarked by [month] [day], 2019. Or you must submit a valid claim through www.KnapperTCPASettlement.com by [month] [day], 2019.

### When will you be paid?

If the Court grants final approval of the settlement, settlement checks will be mailed to Settlement Class Members who timely mailed or submitted valid claim forms no later than 45 days

after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

## What rights are you giving up in this settlement?

Unless you exclude yourself from the settlement, you will be considered a member of the class, which means you give up your right to sue or continue a lawsuit against Cox over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your claims against Cox.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement on the settlement website, www.KnapperTCPASettlement.com or from the Clerk of the United States District Court for the District of Arizona.

## How can you exclude yourself from the settlement?

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator at the following address, postmarked by **[month] [day], 2019**:

**Knapper v. Cox Communications, Inc. Settlement Administrator**
ATTN: EXCLUSION REQUEST
[address]
[city], [state] [zip code]

You must include in your request for exclusion your:

      a.      Full name;

      b.      Address;

      c.      Telephone number called by Cox demonstrating that you are a member of the Settlement Class; and

      d.      A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the Knapper v. Cox Communications action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

## When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing on **[month] [day], 2019**, at **[time]**. The hearing will take place in the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003. At the final fairness hearing,

the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

### Do you have to attend the hearing?

No, there is no requirement that you attend the hearing. However, you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the class settlement because the settlement no longer affects your legal rights.

### What if you want to object to the settlement?

If you do not exclude yourself from the settlement, you can object to the settlement, or any part of it, if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by **[month] [day], 2019**, to Class Counsel, Cox's attorneys, and to the Court, at the following addresses:

| Class Counsel: | Cox's Counsel: | Court: |
|---|---|---|
| Michael L. Greenwald | Petrina A. McDaniel | U.S. District Court for the |
| Greenwald Davidson Radbil | Squire Patton Boggs (US) | District of Arizona |
| PLLC | LLP | Sandra Day O'Connor U.S. |
| 7601 N. Federal Highway, | 1372 Peachtree Street NW | Courthouse |
| Suite A-230 | Atlanta, GA 30309 | 401 West Washington Street |
| Boca Raton, FL 33487 | | Phoenix, AZ 85003 |

You must include in your objection your:

      a.      Full name;

      b.      Address;

      c.      Telephone number called by Cox to demonstrate that you are a member of the Settlement Class;

      d.      Statement that you do not have, and never did have, a Cox account;

      e.      A statement of the specific objection(s);

      f.      The grounds for the objection(s);

      g.      Identification of any documents to show that you are a member of the Settlement Class or which you desire the Court to consider; and

      h.      A statement noting whether you intend to appear at the fairness hearing.

**By when must you enter an appearance?**

Any Settlement Class Member who objects to the settlement and wishes to enter an appearance must do so by **[date], 2019**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon Class Counsel and Cox's attorneys, at the addresses set forth below.

**What if you do nothing?**

If you do nothing and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any claim you have against Cox related to the allegations in this case. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against Cox over the released claims.

**What will happen if the Court does not approve the settlement?**

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits from the settlement and the lawsuit will continue.

**Who are Ms. Knapper's attorneys?**

Ms. Knapper's attorneys are:

Michael L. Greenwald
James L. Davidson
Greenwald Davidson Radbil PLLC
7061 N. Federal Highway, Suite A-230
Boca Raton, FL 33487

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, TX 78701

The Court has appointed Ms. Knapper's attorneys to act as Class Counsel. You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

**Who are Cox's attorneys?**

Cox's attorneys are:

Petrina A. McDaniel
Keshia W. Lipscomb
Squire Patton Boggs (US) LLP
1372 Peachtree Street NW
Atlanta, GA 30309

Eric J. Troutman
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071

### Before what Court is this matter pending?

Ms. Knapper filed her class action lawsuit in the following Court:

U.S. District Court for the District of Arizona
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003

### Where can you get additional information?

This notice is only a summary of the settlement. All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the District of Arizona. In addition, pertinent case materials, including the settlement agreement, are available at the settlement web site, **www.KnapperTCPASettlement.com**.

If you would like additional information about this matter, please contact:

### Knapper v. Cox Communications Administrator
### [address]

### Telephone: [number]

Please do not call the Judge about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, neither Cox nor Cox's attorneys represent you, and they cannot give you legal advice.

8