1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT
7              FOR THE DISTRICT OF ARIZONA

8   Joanne Knapper, on behalf of herself and    )   No.  CV-17-00913-PHX-SPL
9   others similarly situated,                   )
                                                  )
10                           Plaintiff,           )   **ORDER**
                                                  )
11  vs.                                           )
                                                  )
12  Cox Communications, Inc.,                     )
                                                  )
13                           Defendant.           )
14  _____          )

15          Before the Court are Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and
16  Incentive Award (Doc. 121) and Motion for Final Approval of the Class Action Settlement
17  (Doc. 122). For the following reasons, the Court will grant the motions.

18          On March 28, 2017, Plaintiff filed a class action complaint against Defendant,
19  alleging that Defendant made unsolicited calls to Plaintiff and others using an automated
20  dialing system in violation of the Telephone Consumer Protection Act ("TCPA"), 47
21  U.S.C. § 227. (Docs. 1, 116) Defendant denies any and all liability alleged in the lawsuit.
22  (Docs. 115-1 at 15; 118) On May 7, 2019, after extensive arms-length negotiations,
23  Plaintiff and Defendant filed a Notice of Class Action Settlement pursuant to Federal Rule
24  of Civil Procedure 23. (Doc. 109) On June 18, 2019, the Parties filed a Motion for
25  Preliminary Approval of Class Action Settlement. (Doc. 115) The Court granted the
26  Motion and preliminarily approved the settlement on July 12, 2019. (Doc. 120)

27          The parties' agreement states that Defendant shall pay $10.75 million for the benefit
28  of approximately 140,000 prospective class members.  (Doc. 115 at 2, 7) In the Order

preliminarily approving the class settlement, the Court: (1) conditionally certified the class of plaintiffs as defined in the Amended Complaint; (2) preliminarily approved the proposed settlement; (3) confirmed the appointment of Joanne Knapper as the class representative; (4) confirmed the appointment of Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as class counsel; and (5) directed the issuance of a notice of settlement to the class members pursuant to Federal Rule of Civil Procedure 23 and the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715.  (Doc. 120 at 2-9) Plaintiff sent the notice of settlement to each prospective class member, and the deadline for objections ended on October 25, 2019. (Doc. 122 at 2) To date, approximately 10,000 class members filed timely claims for a pro rata share of the settlement, ten class members excluded themselves from the settlement, and there are no objections to the settlement. (Doc. 122 at 2)

On September 25, 2019, Plaintiff filed the Motion for Attorneys' Fees, Costs, Expenses, and Incentive Award. (Doc. 121) On November 8, 2019, Plaintiff filed the Motion for Final Approval of Class Action Settlement. (Doc. 122) In the Motion for Final Approval, the Plaintiff requests, *inter alia*, that the Court approve the plan for Defendant to create a non-reversionary common fund of $10.75 million for the benefit of all the settlement class members. (Doc. 122 at 5) In addition, the Plaintiff requests an attorneys' fee award of 28% of the common fund, $52,635.34 in costs and expenses, and $20,000 in an incentive award for Plaintiff as the class representative. (Doc. 121 at 1)

On December 10, 2019, the Court held a Final Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e). (Doc. 125) The Court has read and considered the settlement agreement, both pending motions, and the record. The Court finds that the settlement agreement is fundamentally fair, reasonable, adequate, and in the best interest of the class members. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Incentive Award (Doc. 121) and Motion for Final Approval of the Class Action Settlement (Doc. 122) are **granted**.

1     **IT IS FURTHER ORDERED**:

2    1.  ADEQUACY OF THE CLASS SETTLEMENT: The Court finds that the settlement

3       of this action, on the terms and conditions set forth in the settlement agreement, is

4       in all respects fundamentally fair, reasonable, adequate, and in the best interest of

5       the class members, especially in light of: "the strength of the Plaintiff's case; the

6       risk, expense, complexity, and likely duration of further litigation; the risk of

7       maintaining class action status throughout the trial; the amount offered in

8       settlement; the extent of discovery completed and the stage of the proceedings; the

9       experience and views of counsel; the presence of a governmental participant; and

10      the reaction of the class members to the proposed settlement." *See In re Volkswagen*

11      *"Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 895 F.3d 597, 611

12      n.18 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th

13      Cir. 1998)).

14    2.  FINAL CLASS CERTIFICATION: The Court's February 6, 2019, class

15      certification order (Doc. 89) is vacated, and the previously approved class is

16      decertified. Instead, pursuant to Federal Rule of Civil Procedure 23(b)(3), the

17      lawsuit is hereby certified—for settlement purposes only—as a class action on

18      behalf of the following class of plaintiffs with respect to the claims asserted in the

19      Amended Complaint (Doc. 116):

20      (1) All users of or subscribers to cellular telephones throughout the United
21      States, (2) to whom Cox Communications, Inc. made or initiated at least
       one call to a cellular telephone, (3) via an automatic telephone dialing
22      system or with an artificial or prerecorded voice, (4) from March 28, 2013
23      through March 21, 2019, (5) whose cellular telephone number was at any
       time associated with a Neustar score of 01 in Cox Communications, Inc.'s
24      available records.

25      The settlement class excludes individuals who were ever Cox Communications,

26      Inc. customers prior to March 22, 2019. Plaintiff represents there are

27      approximately 10,000 class members who timely submitted claim forms.

28

3. CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT: Pursuant to Federal Rule of Civil Procedure 23, the Court certifies Plaintiff Joanne Knapper as the Class Representative and Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel.

4. NOTICES AND CLAIM FORMS: The Court finds that the form and method for notifying the class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order (Doc. 120). The Court further finds that the notice satisfied due process principles and the requirements of Federal Rule of Civil Procedure 23(c), and the Plaintiff chose the best practicable notice under the circumstances. The Court further finds that the notice was clearly designed to advise the class members of their rights.

5. SETTLEMENT TERMS: The settlement agreement, which is outlined in Docket Number 115-1 and shall be deemed incorporated herein, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the settlement agreement include, but are not limited to, the following:

    A. <u>Settlement Fund</u>: Defendant shall establish a $10,750,000 non-reversionary fund for the benefit of the class members (the "Settlement Fund").

    B. <u>Deductions</u>: The following shall be deducted from the Settlement Fund before any other distributions are made:

        i. *Costs and Expenses*: the $52,635.34 expended for the administration of the settlement and class notice, in addition to any additional costs associated with the settlement payment; and

        ii. *The Incentive Payment*: Plaintiff, Joanne Knapper, shall receive the sum of $20,000 as acknowledgment of her role in prosecuting this case on behalf of the class members.

    C. <u>Settlement Payment to Class Members</u>: The class members will receive their

settlement payments by check. The claims administrator will send a settlement payment to each eligible class member who timely submits a completed, valid claim form within forty-five (45) days after the funding date. All costs of such work will be considered "Notice and Administration Costs" paid from the Settlement Fund. Checks will be valid for one-hundred twenty (120) days from the date on the check. If, after the one-hundred twenty (120) expiration date, there remains money in the Settlement Fund sufficient to pay at least five dollars ($5.00) to each settlement class member who was not a person who failed to cash his or her initial check, such remaining monies will be distributed on a pro rata basis to those class members (the "Second Distribution"). The Second Distribution will be made within ninety (90) days after the expiration date of the checks in the original settlement payment and will be paid in the same manner as the original settlement payment. Checks issued pursuant to the Second Distribution will be valid for one-hundred twenty (120) days from the date on the check. To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be paid out as *cy pres* to the Boys and Girls Clubs of America.

D.  <u>Objections and Exclusions</u>: The class members were given an opportunity to object to the settlement. No class member objected to the settlement. Ten class members made a valid and timely request for exclusion and are not bound by this Order. Plaintiff shall, upon request, disclose to Defendant the identity of each excluded class member.

E.  <u>Release of Claims and Dismissal of This Action</u>: The class representative, class members, and their successors and assignees are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the released claims against any of the released parties, as set forth in the settlement agreement. Pursuant to the release contained in the settlement agreement, the released claims—except claims for attorneys' fees,

costs, and expenses—are compromised, settled, released, discharged, by virtue of these proceedings and this Order.

6. ATTORNEYS' FEES: Plaintiff's request for an award of attorneys' fees of twenty-eight percent (28%) of the Settlement Fund (after the Deductions), is approved.

7. LIABILITY: This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

8. JURISDICTION: The Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to this action and/or the settlement agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

9. DISMISSAL: Plaintiff's Amended Complaint (Doc. 116) is hereby dismissed with prejudice without costs to any party, except as provided in the settlement agreement.

Dated this 13th day of December, 2019.

Honorable Steven P. Logan
United States District Judge